UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION



FILED
AUG 0 1 2006
CLERK

| | | |
|---|---|---|
| **ROBERT M. BATHURST,** | ) | File No. 06- 5058 |
| Plaintiff, | ) ) ) | **COMPLAINT** |
| vs. | ) ) | |
| **REASSURE AMERICA LIFE INSURANCE COMPANY,** | ) ) ) | |
| Defendant. | ) ) | |

COMES NOW the plaintiffs, by and through his attorney Mike Abourezk, and hereby states as follows:

## PARTIES AND JURISDICTION

1.  Plaintiff Robert M. Bathurst is a resident of South Dakota.

2.  Defendant Reassure America Life Insurance Company, is an insurance company incorporated and with its principle place of business outside the State of South Dakota.

3.  The amount in controversy exceeds $75,000.

4.  Jurisdiction herein is based on 28 U.S.C. § 1332, Diversity of Citizenship.

## FACTS

5.  Plaintiff Robert M. Bathurst, M.D., graduated from the University of Denver, Denver, Colorado in 1967. He graduated from the University of Colorado Medical School in 1971.

6.  Following graduation from medical school, Plaintiff served an internship in 1971-72 at the University of Oregon Life Health Sciences Center in Portland, Oregon.

7. After serving an internship, Plaintiff served a 2 year residency in anesthesiology at the United States Naval Hospital, San Diego, California, completing his residency in 1974.

8. Subsequently, Plaintiff began his medical practice as an anesthesiologist.

9. In 1978 Plaintiff purchased a professional occupational disability insurance policy from North American Life and Health Insurance Company.

10. The subject insurance policy provided for monthly cash benefits payable in the event that plaintiff should become "unable to perform the principle duties of <u>his occupation</u>".

11. Over the several years following commencement of his practice as an anesthesiologist, Plaintiff began to experience symptoms when exposed to gasses commonly present in anesthetics such as nitros oxide, halothane, and other anesthetic agents.

12. The symptoms include but were not limited to extreme fatigue, low grade fevers, myalgias (muscle pain), arthralgias, malaise and elevated liver enzymes.

13. Plaintiff attempted to construct a ventilation system to evacuate trace gasses from the operating room. However, such efforts failed to eliminate plaintiff's symptoms, and those symptoms persisted unless and until Plaintiff removed himself from all exposure, including trace exposure, to anesthetic gasses and agents.

14. It was the opinion of his own physician that Plaintiff should discontinue the practice of anesthesiology because of his allergic reactions.

15. Plaintiff adhered to this advice, and once he discontinued the practice of anesthesiology, the symptoms disappeared.

16. Left without the ability to engage in the occupation for which he had trained, Plaintiff then began working as an emergency room physician.

17. However, the income potential of an emergency room physician is considerably less than that available in Plaintiff's prior field of anesthesiology, and Plaintiff lost considerable income in this career change.

18. Plaintiff submitted a claim under his policy of disability insurance and on or about September 3, 1980, North American Life and Health Insurance Company concurred that Plaintiff was disabled from his occupation as an anesthesiologist.

19. North American Life and Health Insurance Company commenced paying monthly disability payments to Plaintiff in the sum of $3,500 per month.

20. The monthly benefits from North American were considerably less than the actual amount of Plaintiff's lost income, but were still helpful in reducing the effects of his loss.

21. On or about November 22, 1991, Lone Star Life Insurance Company assumed the obligations for administering and paying Plaintiff's disability benefits. Lone Star determined Plaintiff's disability, and continued making payments.

22. At a date presently unknown to Plaintiff, Defendant Reassure America Life Insurance Company, of Dallas, Texas, assumed the rights and obligations of Lone Star Insurance Company.

23. From and after the date that Defendant Reassure America Life Insurance Company (Reassure America) assumed the contract of insurance, the Defendant continued to pay monthly benefits to Plaintiff as provided under the terms and conditions of the occupational disability insurance policy.

24. Over the years between 1980 and 2003, Robert Bathurst continued to practice as an emergency room physician, and had no further training or direct expenses to the field of anesthesiology.

25. In that 23 year period, many changes occurred in the medicine and technology associated with the field of anesthesiology, rendering Plaintiff's training, which took place in the 1970's quite outdated.

26. On or about August 28, 2003, Defendant Reassure America submitted a letter to Plaintiff advising that Reassure America no longer considered the Plaintiff totally disabled from the practice of anesthesiology, and that benefits were thereby terminated as of that date.

27. The August 28, 2003 letter to Plaintiff states in pertinent part that "there appears to be no documented information to support the condition of allergy to nitros oxide", and that "we see nothing that would prevent you from returning to your profession as an anesthesiologist . . . "

28. In fact, even if Reassure America's conclusions as to Plaintiff's allergies were correct, which they are not, it would be virtually impossible for the Plaintiff now assume the role of a practicing anesthesiologist after 23 years of total absence from that field. He would have to engage in years of retraining.

29. The Plaintiff timely submitted letters of protest and requests for reconsideration, along with an additional medical opinion supporting his claim for disability.

30. Defendant continued in its denial of benefits.

31. Defendant also notified Plaintiff that he was no longer eligible for the

waiver of premium, as promised in the policy to policyholders subject to disability, and that he would now be required to again resume making premium payments.

32. The Plaintiff continues to be disabled as that term is defined by the policy of disability insurance assumed by Reassure America, and Defendant Reassure America continues to refuse to honor the promises made in that policy.

### FIRST CAUSE OF ACTION – BREACH OF CONTRACT

33. Plaintiff realleges paragraphs 1 through 32 above, and incorporates the same as though set forth at length.

34. By its actions, Defendant has breached the policy of insurance.

35. As a direct and proximate result of the breach of the subject disability insurance policy by Defendant Reassure America, Robert Bathurst has sustained damages consisting of monthly payments in the amount of $3,500 per month, from the date of the breach, plus interest and loss of use of the money, in a total amount which will be proven at the time of trial.

### SECOND CAUSE OF ACTION – ESTOPPEL

36. Plaintiff realleges paragraphs 1 through 35 above, and incorporates the same as though set forth at length.

37. Defendant had a duty to investigate and timely raise objections to coverage.

38. Defendant had a duty to timely inform Plaintiff if there were questions about his coverage so that he could maintain records to prove his claim and take steps to preserve proof of his claim, and in the event of a challenge to his claim, he could take

steps to mitigate his loss.

39. Defendant breached those duties by waiting over 20 years, then informing Plaintiff that his proof of claim is deficient.

40. Plaintiff relied to his detriment on Defendant's payment of the claim and lack of challenge to his proof, so that even if he were physically capable of going back to the practice of anesthesiology today, he is no longer adequately trained to do so.

### THIRD CAUSE OF ACTION – BAD FAITH

41. Plaintiff realleges paragraphs 1 through 40 above, and incorporates the same as though set forth at length.

42. Defendant has denied policy benefits without a reasonable basis, and either knows or should know that there is no reasonable basis for denial.

43. The Defendant Reassure America has failed to conduct a reasonable investigation, and failed to afford equal consideration to the rights of the Plaintiff.

44. Upon Plaintiff's information and belief, the Defendant's agents are acting pursuant to a company policy or plan to reduce claim payments and reserves, and to increase surplus and company profits.

45. As a proximate and direct cause of Defendant's actions, Robert Bathurst has lost the use of the funds promised to him under the insurance policy, and has been unnecessarily caused mental frustration, anguish, distress, indignation, worry, anger, and concern.

### PUNITIVE DAMAGES

46. Defendant's actions have been committed deliberately and intentionally,

6

with malice, oppression, and reckless disregard for the rights of Plaintiff.

WHEREFORE, Plaintiff requests judgment in the form of compensatory damages in an amount to be proven by the facts at trial, and punitive damages also in an amount judged appropriate under the circumstances and as indicated by the evidence at trial. Plaintiff also asks for all costs, prejudgment interest, attorneys fees, and other disbursements as appropriate under the circumstances.

**PLAINTIFF ALSO REQUESTS TRIAL BY JURY.**

Dated this 1st of August, 2006.

By: _____
Robin Zephier for Mike Abourezk
ABOUREZK LAW FIRM
Attorneys for Plaintiff
PO Box 9460
2020 W. Omaha
Rapid City, South Dakota 57709
(605) 342-0097